**IT IS ORDERED as set forth below:**

**Date: November 13, 2026**

Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | CHAPTER 13 |
| | ) | |
| ERIC WHITSON SMITH, | ) | CASE NO. 25-62180-LRC |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| SPARTANBURG COUNTY TAX COLLECTOR, | ) | CONTESTED MATTER |
| | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC WHITSON SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

On September 22, 2026, the Court held a hearing on Spartanburg County Tax Collector's (the "County") *Motion for Relief from Automatic Stay Including Application of*

*11 U.S.C. § 362(e)* (Bankruptcy Case, Doc. 125) (the "Stay Relief Motion") and Eric Whitson Smith's (the "Debtor") *Refiled Objection to Claim No. 3-1 Filed by Spartanburg County Tax Collector* (Doc. 64, the "Objection"). At the hearing, the Court heard arguments from Debtor, the County, and the Chapter 13 trustee (the "Trustee") to consider whether to lift or modify the automatic stay to permit the parties to litigate the amount and validity of the County's purported lien, the basis of the County's Claim No. 3-1 (the "Claim"), and any such relevant ancillary issues, in another forum.[1]

The dispute involves a parcel of real property located at 379 Bethesda Road, Spartanburg, South Carolina (the "Property"). According to the County, a building on the Property underwent asbestos testing and, thereafter, was condemned and demolished by county officials. The County then filed the Claim against Debtor for the demolition costs of $40,350.00 and $25.03 in ad valorem property taxes that were separately owed.

Debtor disputes the validity and amount of the Claim under several theories under South Carolina state law and Spartanburg County ordinances, alleging that the demolition process lacked proper notice, that the County's own pre-demolition documents show that no asbestos was found in the building, and inconsistent claims by the County regarding Debtor's ownership share in the Property, amongst other issues. The County alleges that

[1] In its September 14, 2026, order (Doc. 176), the Court requested the parties narrow their arguments at the hearing on whether the Stay Relief Motion should be granted to allow the County to litigate the Claim in an alternative forum. *See generally In re Anderson*, 670 B.R. 528, 546 (Bankr. S.D. Ohio 2025) (discussing the factors considered when determining whether to abstain from hearing a question of state law and whether to grant relief from the stay to allow litigation to proceed in another forum); *In re Badax, LLC*, 608 B.R. 730, 738–39 (Bankr. C.D. Cal. 2019) (listing the factors courts consider when deciding whether to lift the stay to allow litigation to proceed in another forum, such as whether doing so would interfere with administration of the bankruptcy estate, whether a specialized tribunal has certain expertise over the matter, whether litigation in another forum would prejudice the interests of other creditors, and the interests of judicial economy and the expeditious and economical determination of litigation for the parties).

Debtor did not gain his ownership interest in the Property until just several weeks before the building on the Property was demolished. As a result, the County argues that no notice was due to Debtor, as the county officials had satisfied the statutory prerequisites for proper notice under Spartanburg County Ordinance and state law over a year prior to Debtor's gaining the ownership interest. *See* Spartanburg County, S.C. Ordinance §§ 10-63, 10-65. Furthermore, the County alleges that the county ordinances only allowed an ownership interest to be transferred while the condemnation and demolition process was pending if a strict procedure was followed, including providing the transferee a copy of the County's notice of violation, and the transferee's acknowledging receipt and accepting any responsibilities due under the notice of violations and any accompanying order. *See* Spartanburg County, S.C. Ordinance § 10-161. Neither party has argued that this process was followed prior to Debtor obtaining an ownership interest.

In addition to whether the condemnation and demolition processes were properly conducted, there are several other outstanding issues necessary for a full adjudication of the Claim. For example, Debtor claims to own the Property in full, while the County claims that Debtor owns either a 1/12 interest or 1/14 interest in the Property. A dispute also remains as to whether the County's liens were perfected or not. The County argues that South Carolina state law provides for automatic perfection and attachment. S.C. Code § 31-15-330(6); *see* Spartanburg County, S.C. Ordinance § 10-161 (adopting International Property Maintenance Code § 110.3). Debtor disputes that the liens were perfected.

Debtor also makes several factual arguments as to why the Court should not lift the stay, but the majority of Debtor's legal arguments focus on reasons why the stay should

not be lifted to allow foreclosure, and do not address whether it would be appropriate to lift the stay to allow the parties to litigate the issues in a different forum. Debtor's primary argument as to why the Court should not grant stay relief to allow adjudication in a different forum is that the existence of a pending adversary proceeding in this case weighs in favor of hearing the issues in this Court.

At the hearing, Debtor's main argument against the Stay Relief Motion centered around bias concerns with a potential South Carolina venue and several alleged conspiracies concerning County officials, law enforcement, and code enforcement officers, specifically regarding the actions that led up to the demolition of the structure on the Property. Debtor proclaimed that adjudication of the Claim should stay in this Court because it is a fair courtroom and venue, where the facts would be fully considered, noting that that he does not trust Spartanburg County nor its courts.

Lastly, at the hearing, the Trustee raised substantial issues of potential jurisdictional limitations of this Court. The Trustee suggested that these issues could be avoided if the Court granted the Stay Relief Motion and abstained from deciding the Claim, as South Carolina is a better venue to litigate the issue and would be the best venue for a full adjudication of ownership of the Property. The Trustee noted that under the precedent of the United States Supreme Court in *Stern v. Marshall*, 564 U.S. 462 (2011), it is unclear whether this Court would have constitutional authority to consider the full dispute regarding Debtor and other third parties who may hold ownership interests in the Property.[2]

[2] The United States Supreme Court held in *Stern v. Marshall*, 564 U.S. 462 (2011), that a bankruptcy court lacked constitutional authority to enter a final judgment on a state law counterclaim that was not resolved in the process of ruling on a creditor's proof of claim. The Trustee questions whether an adjudication of the property rights of third-

As a result, the Trustee did not oppose partial modification of the automatic stay to allow litigation in another forum.[3]

Pursuant to 11 U.S.C. § 362(d)(1), the Court shall grant relief from the stay imposed by § 362(a) "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" 11 U.S.C. § 362(d)(1). As § 362(d)(1) does not define "cause," bankruptcy courts must determine "cause" based on the totality of the circumstances. *In re R.J. Groover Const., L.L.C.*, 411 B.R. 460, 463 (Bankr. S.D. Ga. 2008). "To determine whether to lift the automatic stay so that a party may continue litigation in another forum, [4] most courts balance the hardship to the creditor if the creditor is not allowed to proceed with the lawsuit, against the potential prejudice to the debtor, the debtor's estate, and other creditors." *Associated Maint. Servs. v. Forehand (In re Forehand)*, 2016 Bankr. LEXIS 467, at *20 (Bankr. S.D. Ga. Feb. 12, 2016) (citing *In re Carraway Methodist Health Sys*., 355 B.R. 853, 854 (Bankr. N.D. Ala. 2006)). In balancing the equities, courts have considered the following factors:[5]

---

party individuals in this case may be an analogous determination.

[3] After the hearing, and while the Stay Relief Motion was under advisement, Debtor filed Debtor's Motion for Leave to Supplement His Objection to Claim 3-1 and Supporting Memorandum of Law (Doc. 184, the "Motion for Leave to Supplement"), which the County opposes (Doc. 190). At the hearing, Debtor asked to file supplemental materials, but the Court declined. Even if the Court granted the Motion for Leave to Supplement, nothing in those materials is persuasive as to the Stay Relief Motion. The supplemental materials Debtor wishes the Court to consider all go to the merits of the Claim and the Objection and do not address the Stay Relief Motion. Accordingly, the Motion for Leave to Supplement will be denied.

[4] Bankruptcy courts have applied a similar inquiry in determining whether to abstain from certain proceedings and allow litigation to continue in another forum. *In re T.D.M.A., Inc.*, 66 B.R. 992, 995 (Bankr. E.D. Pa. 1986) (concluding that bankruptcy courts should abstain when another forum has a particular expertise which is relevant to the matters in dispute); *see also In re Efron*, 529 B.R. at 405–407 ("Because a bankruptcy court is often not the proper forum in which to adjudicate non-bankruptcy issues, litigation of such issues is frequently best left to the state courts and should not be imposed upon this specialty court unless necessary to resolve a bankruptcy-centered dispute." (quoting *In re Mazzocone*, 183 B.R. 402, 421 (Bankr. E.D. Pa. 1995))).

[5] "Not all the factors will be relevant in every case, nor are they entitled to equal weight." *In re Coachworks Holdings, Inc*., 418 B.R. 490, 493 (Bankr. M.D. Ga. 2009).

(1) trial readiness of proceeding in non-bankruptcy forum;

(2) judicial economy;

(3) necessity of resolving preliminary bankruptcy issues;

(4) costs of defense or other potential burden to debtor or estate;

(5) creditor's chances of success on the merits;

(6) specialized expertise of non-bankruptcy forum;

(7) whether damages or claims that could result from non-bankruptcy proceeding might be subject to equitable subordination;

(8) extent to which trial of case in non-bankruptcy forum would interfere with progress of bankruptcy case;

(9) anticipated impact on movant, or other non-debtors, if stay was not lifted; and

(10) presence of third parties over which bankruptcy court lacks jurisdiction.

*In re Mainous*, 610 B.R. 916, 921 (Bankr. S.D. Ala. 2019); *see also In re Cummings*, 221 B.R. 814 (Bankr. N.D. Ala. 1998); *In re Carraway Methodist Health Systems*, 355 B.R. 853 (Bankr. S.D. Ala. 2006); *In re Marvin Johnson's Auto Serv., Inc.*, 192 B.R. 1008 (Bankr. N.D. Ala. 1996).

"In addition, although a more convenient forum is not one of the enumerated grounds for relief from stay in § 362(d), the legislative history of the section suggests that such a forum is 'cause' under § 362(d)(1)." *In re Forehand*, 2016 Bankr. LEXIS 467, at *20-21 (Bankr. S.D. Ga. Feb. 12, 2016) (citing *In re Johnson*, 153 B.R. 49, 51 (Bankr. D.

Idaho 1993)); *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992) ("It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." (quoting S. Rep. No. 989, 95th Cong., 2d Sess. 50, reprinted in 1978 U.S.C.C.A.N. 5787, 5836)); *see also In re Keane*, 2003 Bankr. LEXIS 1555, at *8 (Bankr. E.D. Va. Jan. 27, 2003) ("Congress has expressed a strong preference for litigants with claims arising under state laws to have their cases resolved by state courts as opposed to the bankruptcy courts."). Bankruptcy courts in this circuit have also held that the existence of pending litigation against the debtor in a non-bankruptcy forum may constitute cause. *Coachworks*, 418 B.R. 490, 492 (Bankr. M.D. Ga. 2009) (citing *Smith v. Tricare Rehab. Sys., Inc.* (*In re Tricare Rehab. Sys., Inc.*), 181 B.R. 569, 572 n.7 (Bankr. N.D. Ala. 1994).

After applying the factors to the facts of this case, the Court finds that the equities weigh in favor of granting stay relief and allowing the Claim to be liquidated in a separate, non-bankruptcy forum. The first, second, third, sixth, seventh, eighth, ninth, and tenth factors favor stay relief, while only the fourth factor weighs against it.

Whether the pending litigation in South Carolina state court has progressed any further than the adversary proceeding is unknown. Regardless, there has been no substantive progress in the adversary proceeding, which the Court has stayed. Therefore, there is minimal harm to Debtor in having to pursue his theories elsewhere, even if a new action is necessary in state court. Further, judicial economy favors stay relief, as all issues necessary to deciding the validity of the County's lien, the amount of the Claim, and

Debtor's ownership interest in the Property could be resolved in one forum. While the Claim is litigated in South Carolina, Debtor has a confirmed plan and is funding a claim reserve, should the Claim ultimately be allowed. All parties' rights, including third parties who may assert an ownership interest in the Property and have not been notified of the proceedings here, would be protected by litigating these matters in South Carolina, while also avoiding any questions as to this Court's authority to enter a final order. As no preliminary bankruptcy issues remain to be decided and no party has asserted that the Claim is subject to equitable subordination, modifying the stay to allow the parties to litigate in South Carolina will not delay payments to other creditors or otherwise affect the progress of Debtor's bankruptcy case.

Perhaps most importantly, resolution of these matters requires extensive specialized expertise of a non-bankruptcy forum. The governing law regarding these issues is South Carolina state law and/or Spartanburg County ordinances, including the process for notice, remediation, hearings, and appeals as to the condemnation and demolition of the building at the Property, Debtor's ownership interest and the potential interest of any third parties, and the validity and perfection of any lien arising from the demolition process. As a result, a local forum that has heard similar disputes and is familiar with the jurisprudence on the issues at hand is a far superior forum to resolve the Claim than a Georgia bankruptcy court.

The fourth factor, the cost or burden to Debtor or the estate, weighs against stay relief. Debtor has expended time presenting many various defenses in this Court, which he would have to re-assert in another forum, marginally increasing his cost. The County, in having to respond to the many motions made by Debtor has also incurred time and legal

fees. However, if the stay is modified, Debtor and the County will likely expend significantly less resources, with easier access to documentary evidence and witnesses. Further, it appears that Debtor previously filed suit in South Carolina and is not unfamiliar with the forum.

As to the fifth factor, the creditor's chances of success on the merits, the Court finds it neutral. The County's chances of success on the merits cannot be fully assessed without further evidence and arguments. However, the Court recognizes the County's arguments as far from frivolous and believes the County has at least an equal chance of success as the Debtor.

Simply put, based on the facts of this case, nearly all factors that courts consider relevant in deciding whether a motion for stay relief should be granted to allow litigation in another forum weigh in favor of granting the Stay Relief Motion. As to Debtor's concerns regarding bias and issues of fairness in an alternative forum, there is no evidence that any such bias or issues of judicial favoritism would occur in the state court, and any such judicial process would be entirely independent of state or county non-judicial officials. Instead, the state court is much more well equipped to deal with the issues in this case in an educated, unbiased, and fair manner. Any entirely speculative harm to Debtor via judicial bias cannot outweigh the demonstrated and concrete factors establishing that this Court should grant the Stay Relief Motion.[6]

---

[6] Debtor has also argued that this Court must resolved these matters because there has been fraud on the Court by the County or other representatives that have prepared the documents or filings. Even if Debtor is correct, any such allegations could be heard at a later time. *Aldana v. Stadtmueller (In re De Jesus Gomez)*, 592 B.R. 698, 704 (B.A.P. 9th Cir. 2018) ("A bankruptcy court 'has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct.'"); *see* 11 U.S.C. § 105(a); FED. R. BANKR. P. 9011; FED. R. BANKR.

The Court also notes that Debtor's concerns as to the County or any related entity foreclosing on the Property are misguided. The Court has assured Debtor that, at most, it would grant limited stay relief to allow any outstanding issues to be resolved as to the Claim and the Objection. The limited relief would not allow the County to move forward with foreclosure. Debtor's arguments that the Court should not allow the County to foreclose any interest are persuasive, and the Court will not grant such relief to the County at this time.[7] The limited scope of stay relief proposed by the Court renders many of Debtor's concerns moot.

Finally, as to Debtor's many other objections to stay relief, which mainly ask the Court to review a host of documentary exhibits, Debtor further proves that there are many outstanding issues to be resolved and many unknown facts, many of which would be more appropriately and fully resolvable by a state court in South Carolina, where the documentary and physical evidence is more appropriately found, including at least 13 potential witnesses[8] that Debtor has identified.[9] Debtor has shown through his own arguments, requests for evidence, and requested witnesses that South Carolina is the proper forum to decide all outstanding issues relevant to the Property and the Claim.

---

P. 9020.

[7] Debtor's response to the Stay Relief Motion requests that, if the Court was inclined to grant the Stay Relief Motion, that the Court limit the County "to non-foreclosure preparatory steps and that any order expressly prohibit a foreclosure judgment, sale, transfer of title, or enforcement against the Property until this Court finally adjudicates Claim No. 3-1 and the related lien issues, and that the fourteen-day stay of Rule 4001(a)(4) remain in effect." (Doc. 145). This order includes sufficient language to ensure the County takes no actions beyond the scope of the limited stay relief.

[8] *See* Doc. 121.

[9] In the bankruptcy case, Debtor has filed a request for productions of documents to Spartanburg County, South Carolina, requesting various pieces of evidence and matters that may require witness testimony of persons who are located in Spartanburg County and South Carolina generally. Debtor also filed a notice of deposition of Spartanburg County, South Carolina's representative, who likely resides in South Carolina.

Accordingly,

IT IS HEREBY ORDERED that the Stay Relief Motion is **GRANTED IN PART**. The automatic stay is lifted or modified to the extent necessary for the Claim to be liquidated. However, the stay remains in effect to prohibit all other actions.

IT IS FURTHER ORDERED that the fourteen-day stay of Rule 4001(a)(4) shall remain in effect and is not waived.

IT IS FURTHER ORDERED that the Motion for Leave to Supplement is **DENIED**.

**[END OF DOCUMENT]**

**DISTRIBUTION LIST**

Eric Whitson Smith
200 Plantation Blvd.
Stockbridge, Georgia 30281

A. Todd Sprinkle
Parker Poe Adams & Bernstein LLP
1075 Peachtree Street NE, Suite 1500
Atlanta, Georgia 30309

Spartanburg County Tax Collector
366 North Church Street, Suite 400
Spartanburg, SC 29303

Patricia Ann Jamison
366 North Church St, Suite 400
Spartanburg, SC 29303

Lee Weeks
366 North Church St, Suite 400
Spartanburg, SC 29303

Melissa J. Davey
Chapter 13 Trustee

Suite 2250
233 Peachtree Street NE
Atlanta, GA 30303

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303